## In re BLAESSER.

### (District Court, E. D. New York.   March 4, 1916.)

1. BANKRUPTCY ⟨⟩413(1)—APPLICATION FOR DISCHARGE—DEATH OF PARTIES.
   Where a creditor filing objections to a bankrupt's discharge died during the hearings, and no letters testamentary or of administration had been taken out and a reasonable time had elapsed to allow creditors of the deceased, if any, to act on the default of the next of kin or representatives of the deceased, the bankrupt should be allowed to proceed, and the reference might continue, there being no general presumption that a man is unable to pay his debts and that his creditors are more interested than his next of kin.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 712; Dec. Dig. ⟨⟩413(1).]

2. BANKRUPTCY ⟨⟩415(2)—APPLICATION FOR DISCHARGE—DEATH OF PARTIES.
   Though General Order 22 (89 Fed. x, 32 C. C. A. xxv), relative to the taking of testimony before referees, requires the testimony when completed to be read over to the witnesses and signed, where a creditor objecting to the bankrupt's discharge died during the hearings after his testimony had been taken under oath, but had not been signed or verified upon the paper containing the testimony it might be used, when written out and proved by the reporter, or by some other person, without obtaining the witness' signature or verification upon the paper itself.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 702, 706, 708, 719; Dec. Dig. ⟨⟩415(2).]

3. BANKRUPTCY ⟨⟩412—APPLICATION FOR DISCHARGE—DEATH OF PARTIES.
   Where a creditor, objecting to a bankrupt's discharge, died during the hearings, notice of further hearing should be given his attorney, the creditor's widow or her attorney, and children, or next of kin, the existence of whom were shown by the record.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 696, 697; Dec. Dig. ⟨⟩412.]

4. BANKRUPTCY ⟨⟩412—APPLICATION FOR DISCHARGE—NOTICE.
   Application for a discharge must be made by a bankrupt upon notice to creditors at the addresses given in the schedules, unless something in the record gives information that the address has been changed, or that some one else has succeeded to the creditor's rights.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 696, 697; Dec. Dig. ⟨⟩412.]

5. BANKRUPTCY ⟨⟩413(1)—APPLICATION FOR DISCHARGE—DEATH OF PARTIES.
   Where a creditor, objecting to a bankrupt's discharge, died during the hearings, and no letters testamentary or of administration had been granted, the bankrupt was not required to proceed in the proper jurisdiction for administration of the deceased creditor's estate, in order to cut

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

off the right to oppose his discharge by actual notice of further hearing to all parties who might prove themselves entitled to name the representative of the estate, or who might contest successfully the claims of others to name such representative.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 712; Dec. Dig. ☜413(1).]

In Bankruptcy. In the matter of Henry G. Blaesser, bankrupt. On hearing on order to show cause. Ordered in accordance with the opinion.

Walter M. Goldsmith, of New York City, for creditor.

John T. Loew, of New York City, for bankrupt.

CHATFIELD, District Judge. A creditor, filing specifications of objection, died during the hearings upon those specifications, upon the 18th day of May, 1915. His testimony had been taken under oath, but had not been signed, nor had he been sworn thereto, at the time of his decease. Various proceedings have been had, which do not affect this application, but which resulted in a memorandum decision filed January 7, 1916. In accordance therewith, the attorney for the bankrupt has obtained an order to show cause, addressed to the widow of the former objecting creditor, and served upon her by mail, and also upon the attorney who appeared for the deceased creditor in this proceeding.

Upon the return day this attorney appeared and filed an affidavit stating that he has been authorized to appear in the proceeding on behalf of the widow. It also appears from the record that no will has been offered for probate, or letters of administration taken out; that the deceased creditor had children, but it does not appear whether he left any estate, or was insolvent at the time of his decease.

[1] In the usual case, some party representing those entitled to share in the estate would have obtained authority to act in accordance with the laws of New Jersey, or in the county of Kings in this state, and the fact that no such application has been made would seem to indicate that the deceased had disposed of whatever property was in his control prior to his decease.

The record in the case would indicate that he had been possessed of some property which would have passed by will or by statute in the ordinary course. There can be no general presumption that a man is *unable* to pay his debts, and that therefore he has creditors who are more interested than his next of kin, and in the present case it would seem that a reasonable time has elapsed to allow such creditors, if they existed, to act on the default of the next of kin, or representatives of the deceased.

There would seem to be no reason, therefore, why the bankrupt should not be allowed to proceed with his application for discharge, and under the circumstances the reference may continue. In view of the absence of the commissioner before whom the hearing upon the specifications was being had, the matter will be transferred to Virtus L. Haines, as commissioner, for further hearing.

[2] By General Order 22 (89 Fed. x, 32 C. C. A. xxv), testimony,

230 F.—34

when completed, *must* be read over to the witnesses and signed. It would seem that this General Order could not exclude or render useless testimony given under oath and proven by another person, or by the stenographer who reported the testimony. In the case of the death of a witness before the testimony is signed, the sworn evidence given in open court could certainly be made a part of the record, when written out and proven by the reporter. So, in the present case, the testimony of the objecting creditor, taken by consent and given under oath, may be used, upon proof of the administration of the oath to testify, even if the actual signature or verification upon the paper itself cannot be obtained.

[3] Notice of the further hearing upon the specifications should also be given to the attorney, who does not cease to represent the claim devolving through the objecting creditor, except in so far as some other party entitled may intervene. Under the circumstances, notice should also be given to the widow or her attorney, or to the children or next of kin of the objecting creditor, inasmuch as the record now shows the existence of these parties, and they are entitled to the privilege of a reasonable opportunity to be heard before the default of those who may be entitled, is taken for failure to proceed within a reasonable time.

[4] Application for discharge must be made by the bankrupt upon notice to the creditors at the addresses given in the schedules, unless something in the record gives information that that address has been changed, or that some one else has succeeded to the creditor's rights.

[5] The right to oppose the bankrupt's discharge may be a property right, in the sense that, if discharge is denied, any lien would remain and would pass under the state law in case of the death of a creditor. But this right to oppose is not such that the bankrupt should be compelled to proceed in the proper jurisdiction for administration of the deceased creditor's estate, in order to cut off those rights by actual notice of further hearings to all parties who might prove themselves entitled to name the representative of the estate, or who might contest successfully the claims of others to name such representative.

A trustee would not be bound, in declaring a dividend, to seek out those who had a right to make claim to that dividend; but the burden would be upon the proper representatives of the estate of the deceased creditor to claim their property. So, in the matter of discharge, the burden is upon the bankrupt to give reasonable notice to all those appearing by the record to be entitled to an opportunity of being heard or of putting themselves in a position where their interests may be heard. If the bankrupt does this, he is entitled to have the proceedings go forward, after waiting a reasonable time for other claimants to assert their claims.